**Aquil Khree WIGGINS, Petitioner—Appellant,**

v.

**VIRGINIA DEPARTMENT OF CORRECTIONS, Respondent—Appellee.**

**No. 05–7557.**

United States Court of Appeals, Fourth Circuit.

Submitted May 19, 2006.

Decided July 18, 2006.

Aquil Khree Wiggins, Appellant Pro Se.
Donald Eldridge Jeffrey, III, Office of the
Attorney General of Virginia, Richmond,
Virginia, for Appellee.

Before WILLIAMS, MOTZ, and
SHEDD, Circuit Judges.

Dismissed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit. See Local Rule
36(c).

PER CURIAM:

■ Aquil Khree Wiggins seeks to
appeal the district court's order denying
relief on his petition filed under 28 U.S.C.
§ 2254 (2000). An appeal may not be tak-
en from the final order in a § 2254 pro-
ceeding unless a circuit justice or judge
issues a certificate of appealability. 28
U.S.C. § 2253(c)(1) (2000). A certificate of
appealability will not issue absent "a sub-
stantial showing of the denial of a constitu-
tional right." 28 U.S.C. § 2253(c)(2)
(2000). A prisoner satisfies this standard
by demonstrating that reasonable jurists
would find that any assessment of his con-
stitutional claims by the district court is
debatable or wrong and that any disposi-
tive procedural ruling by the district court
is likewise debatable. See Miller–El v.
Cockrell, 537 U.S. 322, 336–38, 123 S.Ct.
1029, 154 L.Ed.2d 931 (2003); Slack v.
McDaniel, 529 U.S. 473, 484, 120 S.Ct.
1595, 146 L.Ed.2d 542 (2000); Rose v. Lee,
252 F.3d 676, 683–84 (4th Cir.2001). We
have independently reviewed the record
and conclude that Wiggins has not made
the requisite showing.

Accordingly, we deny Wiggins' motions
for appointment of counsel, to amend
pleadings,* and for a certificate of appeala-
bility, and we dismiss the appeal. We
dispense with oral argument because the
facts and legal contentions are adequately
presented in the materials before the court
and argument would not aid the decisional
process.

*DISMISSED*

___

* In his motion to amend pleadings, Wiggins
argues that Va.Code Ann. § 8.01–654(B)(2)
was recently amended, and now provides that
"[t]he provisions of this section shall not ap-
ply to a petitioner's first petition for a writ of
habeas corpus when the sole allegation of
such petition is that the petitioner was de-
prived of the right to pursue an appeal from a
final judgment of conviction." See Va. Legis.
Serv. 836 (West 2005). Wiggins argues that
under the amended statute, his claims are not
procedurally barred because his first petition
only alleged that he was deprived of his right
to appeal. The amendment was approved on
March 26, 2005, and went into effect on July
1, 2005. The state refused Wiggins' second
petition on June 10, 2003. The amended
statute does not provide that it applies retro-
actively, nor has the state supreme court
ruled that it applies retroactively. Moreover,
we must defer to the state court's application
of its procedural bar rules. See Ashe v. Styles,
39 F.3d 80, 86 (4th Cir.1994). This claim is
accordingly meritless.